IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. BEDFORD WEAVING, INC., | ) ) ) ) | COMPLAINT JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA"), to correct unlawful employment practices on the basis of disability; under Title II of the Genetic Information Non-Discrimination Act of 2008 ("GINA"), to correct unlawful employment practices on the basis of genetic information; and pursuant to those statutes and Title I of the Civil Rights Act of 1991, to provide appropriate relief to Pamela Hedrick ("Hedrick"). As alleged with greater particularity below, the Equal Opportunity Commission (the "Commission") alleges that Bedford Weaving, Inc. ("Defendant") made a pre-employment medical inquiry of Hedrick when she applied for employment, which violated the ADA. The Commission further alleges that Defendant failed to hire Hedrick because of her responses to the illegal pre-employment medical inquiry and because of Hedrick's disability. In addition, the Commission alleges that Defendant made a illegal inquiry about Hedrick's family medical history when she applied for employment, which violated GINA. Finally, the Commission alleges that Defendant destroyed applications in violation of Commission regulations applicable to employers who are subject to the ADA and GINA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), and Section 207(a) of the Genetic Information Non-Discrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000ff-6(a), both of which incorporate by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Western District of Virginia, Lynchburg Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and Title II of the GINA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), and by Section 207(a) of the GINA, 42 U.S.C. § 2000ff-6(a), both of which incorporate by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Bedford Weaving, Inc. has continuously been a Virginia corporation doing business in the State of Virginia and the City of Bedford, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§

12111(5), (7), and under Section 201(2)(B)(i) of the GINA, 42 U.S.C.§ 2000ff(2)(B)(i), which incorporate by reference Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2) and Section 201(2)(B) of GINA, 42 U.S.C. §2000ff(2)(B).

## ADMINISTRATIVE PROCEDURE

7. More than thirty days prior to the institution of this lawsuit, Pamela Hedrick filed a charge with the Commission alleging violations of the ADA and GINA by Defendant.

8. On May 22, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA and GINA were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On June 15, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

Hedrick's Disability

11. Pamela Hedrick is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Hedrick has physical impairments, chronic obstructive pulmonary disease ("COPD") and asthma, which substantially limit her in the major life activity of breathing. COPD is a progressive disease that makes it hard to breathe. Asthma is a respiratory condition marked by spasms in the bronchi of the lungs, causing

3

difficulty in breathing. Hedrick was diagnosed with COPD in or around 2001 and with asthma in or around 2010.

ADA - Illegal Medical Inquiry

12. On or about August 6, 2013, Defendant engaged in unlawful employment practices at its facility in Bedford, Virginia, in violation of Section 102(d) of Title I of the ADA, 42 U.S.C. § 12112(d), as more fully described below.

13. On or about August 6, 2013, Hedrick submitted an application for employment to Defendant. Hedrick applied for any available position with Defendant.

14. At the time of Hedrick applied, Defendant's application required applicants to answer a variety of questions related to their personal medical history.

15. Among the questions contained on Defendant's application at the time that Hedrick applied, were the following:

> Do you have any health problems that would affect your working regularly?
> Have you had a major illness in the past 5 years?
> Do you have trouble with your back or have you ever been treated for a back injury?
> Have you ever received compensation for injuries?
> Have you ever been treated for a Hernia? Arthritis? Loss of Hearing?
> Are you a diabetic?
> Are you on medication for any condition? If so, what?

16. In addition, Hedrick recalls Defendant's application asking whether she had "breathing issues."

17. At the time that Hedrick applied and answered the above-referenced questions, she did not have an offer of employment from Defendant.

18. Based on the foregoing, Defendant asked illegal pre-employment medical questions of Hedrick on its application, in violation of the ADA.

ADA – Failure to Hire

19. On or about August 6, 2013, Defendant engaged in unlawful employment practices at its facility in Bedford, Virginia, in violation of Section 102(a) and (b) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b), as more fully described below.

20. Hedrick responded to each of the medical-related questions on Defendant's application and disclosed that she has COPD and asthma on her application. Hedrick submitted her application to Defendant's representative at the facility.

21. At the time that she submitted her application, Hedrick was told that Defendant had no vacant positions and that her application would remain active for hiring consideration. However, Hedrick was never contacted by Defendant for an interview, never received a job offer, and was never hired by Defendant.

22. According to Defendant's hiring practices, Hedrick's application was considered active for 90 days.

23. At the time Hedrick applied for employment with Defendant, Defendant had at least two vacant positions for which Hedrick was qualified, a Weaver position and a Weaver Trainee position. The Weaver position was filled on the day after Hedrick applied and the Weaver Trainee position was filled two days after Hedrick applied.

24. Experience in manufacturing or weaving is preferred by Defendant in hiring applicants. Hedrick had manufacturing experience at the time she applied to work for Defendant.

25. During the 90 day period when Hedrick's application was active, Defendant filled at least nine positions. At least two of the selectees were less qualified than Hedrick. Hedrick was equally or more qualified than at least two other of the selectees. None of these selectees identified any physical impairment in response to the medical questions on Defendant's

5

application.

26. Based on the foregoing, Defendant failed to hire Hedrick because of her responses to the illegal pre-employment medical questions on Defendant's application in violation of the ADA. Further, Defendant failed to hire Hedrick because of her disability in violation of the ADA.

27. The effect of the practices complained of above has been to deprive Pamela Hedrick of equal employment opportunities and otherwise adversely affect her status as an applicant for employment, because of her disability.

<u>GINA - Illegal Inquiry about Family Medical History</u>.

28. On or about August 6, 2013, Defendant engaged in unlawful employment practices at its facility in Bedford, Virginia, in violation of Section 202 of Title II of the GINA, 42 U.S.C. § 2000ff-2, as more fully described below.

29. On or about August 6, 2013, when Hedrick submitted an application for employment to Defendant, Defendant's application required applicants to answer one or more questions related to their family medical history. Specifically, Defendant's application contained the question "Is there any cancer in your family?"

30. In addition, Hedrick recalls Defendant's application asking whether there was any heart disease in her family. Hedrick responded in the affirmative indicating there was heart disease in her family.

31. Based on the foregoing, Defendant made an illegal inquiry about Hedrick's family medical history on its application, in violation of GINA.

32. The effect of the practices complained of above has been to deprive Pamela Hedrick of equal employment opportunities and otherwise adversely affect her status as an applicant for

employment, because of her genetic information.

ADA and GINA - Failure to Preserve Records

33. Since at least June 1, 2012, Defendant has failed, in violation of Section 107(a) of the ADA, 42 U.S.C. § 12117(a), and Section 207(a) of the GINA, 42 U.S.C. § 2000ff-6(a), both of which incorporate by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

34. Since at least June 1, 2012, Defendant has failed to retain applications and other documents related to hiring for one year as required by the Commission's recordkeeping regulations, in violation of 29 C.F.R. § 1602.14. Until about March 2014, Defendant routinely destroyed applications 90 days after they were submitted and did not retain employment applications for a year.

35. Because of Defendant's failure to preserve records related to hiring, Plaintiff and Hedrick have been deprived of evidence relevant to this litigation. Accordingly, Defendant should be estopped and precluded from making any assertions related to the application that Hedrick completed that are adverse or contrary to the assertions made herein or otherwise made in this litigation by Plaintiff and/or Hedrick. Defendant should likewise be estopped and precluded from asserting that Hedrick did not complete an application on or about August 6, 2013.

36. The unlawful employment practices complained of above in paragraphs 12 through 32 were intentional.

37. The unlawful employment practices complained of above in paragraphs 12 through 32 were done with malice or with reckless indifference to the federally protected rights

of Pamela Hedrick.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from making illegal pre-employment medical inquiries on its application.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against individuals because of their disabilities, including discrimination in hiring, firing, and any other employment practice which discriminates on the basis of disability.

C. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from making illegal inquiries related to family medical history on its application.

D. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and applicants for employment, and which eradicate the effects of its past and present unlawful employment practices.

E. Order Defendant to make whole Pamela Hedrick, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

F. Order Defendant to make whole Pamela Hedrick by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described

above, in amounts to be determined at trial.

G. Order Defendant to make whole Pamela Hedrick by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

H. Order Defendant to pay Pamela Hedrick punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

I. Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, including but not limited to applications, in accordance with Section 107(a) of the ADA, 42 U.S.C. § 12117(a), and Section 207(a) of the GINA, 42 U.S.C. § 2000ff-6(a), both of which incorporate by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 13th day of August, 2015.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

9

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission


LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C.  28202

YLDA MARISOL KOPKA
Supervisory Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C.  28202


s/ Zoë G. Mahood
ZOË G. MAHOOD
NC Bar No. 21722
Senior Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
Phone:  (919) 856-4180
Fax:     (919) 856-4156
zoe.mahood@eeoc.gov

ATTORNEYS FOR PLAINTIFF